ROBERT OWEN HAYES, a disabled person )
by and through his Conservators, ROBERT L. )
HAYES, JR. and MARY M. HAYES, )
                                    )
        Plaintiff, )
                                    )
      v. )           No. 4:05-CV-401 CAS
                                    )
FORD MOTOR COMPANY, WHEELED )
COACH INDUSTRIES, INC., BROADWAY )
FORD TRUCK SALES, INC., JOHN DOE, )
RONALD L. WEILER and JOHN MEYER, )
                                    )
        Defendants. )

## MEMORANDUM AND ORDER

       This matter is before the Court on plaintiff Robert Owen Hayes' Motions to Remand (Docket

No. 13) and for Leave to File a Third Amended Complaint and to Join Purcell Tire & Rubber

Company as Defendant (Docket No. 51), defendant Wheeled Coach Industries, Inc.'s Motion to

Strike (Docket No. 53), and defendants Broadway Ford Truck Sales, Inc., Ronald L. Weiler and John

Meyer's Motion for Judgment on the Pleadings as to Plaintiffs' Second Amended Complaint filed

June 8, 2005 (Docket No. 23). The parties have responded to the pending motions. For the reasons

discussed below, plaintiff's motion to remand should be granted. The other motions will remain

pending for resolution by the state court following remand.

**Background**.

       On January 19, 2005, plaintiff Robert Owen Hayes ("Hayes"), a Missouri resident, filed an

Amended Petition for Damages against defendants Ford Motor Company ("Ford"), Wheeled Coach

Industries, Inc. ("Wheeled Coach"), Broadway Ford Truck Sales, Inc. ("Broadway Ford"), John Doe,

Ronald Weiler ("Weiler"), and John Meyer ("Meyer") in the Circuit Court of the City of St. Louis, Missouri, seeking to recover for personal injuries sustained in a 2003 accident in a Ford E350 ambulance van. In the amended petition, Hayes alleges that Ford manufactured the E350 van and that Wheeled Coach manufactured the ambulance box module mounted on the van. Hayes further alleges that Broadway Ford and three employees, Ronald Weiler, John Doe, and John Meyer, provided maintenance and service to the ambulance van.[1]

On March 10, 2005, Wheeled Coach removed the case to this Court on the basis of diversity of citizenship. In the Notice of Removal, Wheeled Coach asserts that Hayes, a Missouri citizen, has fraudulently and pretensively joined Missouri citizen defendants Broadway Ford and its employees, Weiler and Meyer, to defeat removal.[2] See Notice of Removal (Docket No. 1), at 2. Wheeled Coach argues that Hayes' assertion Broadway Ford sold the van at issue in this case is factually erroneous. Id. at 3. Wheeled Coach also argues that Hayes' claims against Weiler and Meyer lack a reasonable basis in fact or law, because neither Weiler nor Meyer "personally serviced the Ford Van" and were not "a party to any contract to perform maintenance on the Ford Van." Id. at 4-5. Wheeled Coach claims that Hayes named the Missouri defendants merely to defeat federal diversity jurisdiction. In opposition, Hayes argues that Wheeled Coach has not carried its burden to prove fraudulent joinder because it has not shown that he has no possibility of recovering against the Missouri defendants.

On April 7, 2005, Hayes filed a motion to remand the case to state court. (Docket No. 13). Hayes contends that he has viable actions against the Missouri defendants under Missouri law for the

---

[1]On July 1, 2005, Hayes voluntarily dismissed his claims against defendant John Doe without prejudice. (Docket No. 31).

[2]Broadway Ford, Weiler and Meyer are collectively referred to in this memorandum and order as the "Missouri defendants."

negligent maintenance, service and performance of repairs to the ambulance. Thus, he contends that complete diversity of citizenship is lacking and that this Court lacks subject matter jurisdiction over the action. For the following reasons, Hayes' argument is well taken.

**Discussion**.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). As the party invoking jurisdiction, Wheeled Coach has the burden of establishing that all prerequisites to jurisdiction have been satisfied. Id. In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The Court's jurisdiction in the instant case is premised on diversity of citizenship. When assessing whether diversity jurisdiction exists over a particular case, a court may ignore the citizenship of parties fraudulently joined. 28 U.S.C. § 1441(b). Fraudulent joinder is defined as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). The removing party bears the burden of proving that all prerequisites to jurisdiction are satisfied including proving the alleged fraud. Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 1999). This burden is substantial. Dorsey v. Sekisui America Corp., 79 F.Supp.2d 1089, 1091 (E.D. Mo. 1999). In conducting fraudulent joinder review, the Court must be guided by reason and must

resolve contested areas of fact and law in favor of remand. Filla, 336 F.3d at 810; Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995).

The Eighth Circuit has directed district courts reviewing fraudulent joinder claims to "give paramount consideration to the reasonableness of the basis underlying the state claim." Filla, 336 F.3d at 809. "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)). Nonetheless, there is no fraudulent joinder if there is a colorable cause of action,[3] in other words, if state law might impose liability on the Missouri defendant under the facts alleged in the complaint. Filla, 336 F.3d at 810; Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) ("joinder is fraudulent when there exists no reasonable basis in fact and law supporting the claim against the resident defendants.") "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811 (quoting Iowa Pub. Serv., 556 F.2d at 406). Because there is arguably a colorable cause of action against the Missouri defendants, the joinder is not fraudulent and the case will be remanded to state court.

---

[3]The Fifth and Sixth Circuit Courts of Appeal have described the "colorable" cause of action as one that is reasonable, but speculative. See Delgado v. Shell Oil Co., 231 F.3d 165, 180 (5th Cir. 2000); Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999). The Eighth Circuit has noted that the term "colorable" is often used to describe a claim that is tenable. State of Missouri ex rel. Pemiscot County, Missouri v. Western Surety Co., 51 F.3d 170, 173 n.2 (8th Cir. 1995).

Diversity of citizenship does not exist on the face of Hayes' Amended Petition for Damages. Where the plaintiff has joined a non-diverse party as a defendant in its state case, the removing defendant may avoid remand if it demonstrates that the non-diverse party was fraudulently joined and should be dismissed. In the Amended Petition, Hayes alleges that he sustained severe, permanent and progressive brain injuries and permanent disability in a vehicular accident caused as a direct and proximate result of the fault of the Missouri defendants' negligence, in that these defendants: (1) maintained, serviced and sold the ambulance van; (2) failed to use ordinary care in the service and maintenance of the van; and (3) failed to warn Hayes that the van's suspension was inadequate and unstable. In the Notice of Removal, Wheeled Coach contends that Hayes fraudulently and pretensively joined the Missouri defendants because "there is no reasonable basis in fact or law supporting the claim against the resident defendant[s]." Notice of Removal at 2. In support of this contention, Wheeled Coach submits affidavits from the Missouri defendants allegedly showing that Hayes is unable to recover because his claims have no basis in law or fact.

The Court does not consider it appropriate to determine the issue of fraudulent joinder on the substantive evidence contained in the affidavits, despite Wheeled Coach's assertion to the contrary. Consideration of such evidence would be appropriate if the Court were determining whether the Missouri defendants are entitled to judgment as a matter of law. In determining fraudulent joinder on a motion to remand, however, the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811. Where "state law might impose liability on the resident defendant under the facts alleged . . . there is no fraudulent joinder." Id. at 810. Indeed, this Court "[has] no power to decide the merits of a case over which [it has] no jurisdiction." Id.

5

Hayes alleges common law negligence and negligent repair on the part of the Missouri defendants in servicing and maintaining the ambulance van. Claims of negligence based on repair have been permitted to proceed by Missouri courts. Accordingly, Missouri law might impose liability against the Missouri defendants on the facts as alleged by Hayes in the Amended Petition for Damages. As a result, Wheeled Coach's claims of fraudulent joinder must fail. See Filla, 336 F.3d at 810. Whether Hayes will ultimately succeed or fail on the merits of his claims is best left to the Missouri courts to determine. See id. at 811. "In deciding the question of fraudulent joinder, . . . doubtful issues of law and fact in the case are to be tried in the court which has jurisdiction, and are not to be determined in the removal proceedings." Huffman v. Baldwin, 82 F.3d 5, 7 (8th Cir. 1936).

**Conclusion**.

For the foregoing reasons, the Court concludes Wheeled Coach has failed to meet its burden to demonstrate that the Missouri defendants were fraudulently joined in this cause of action. Because complete diversity of citizenship is lacking, the Court lacks subject matter jurisdiction over this case and Hayes' Motion to Remand must be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Robert Owen Hayes' Motion to Remand (Docket No. 13) is **GRANTED**, and this case is remanded to the Circuit Court of the City of St. Louis, State of Missouri for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff Robert Owen Hayes' Motion for Leave to File a Third Amended Complaint and to Join Purcell Tire & Rubber Company as Defendant (Docket No. 51), defendant Wheeled Coach Industries, Inc.'s Motion to Strike (Docket No. 53), and defendants Broadway Ford Truck Sales, Inc., Ronald L. Weiler and John Meyer's Motion for Judgment on the

Pleadings as to Plaintiffs' Second Amended Complaint (Docket No. 23), remain pending for determination by the state court following remand.

An appropriate Order of Remand will accompany this memorandum and order.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __4th__ day of November, 2005.